## WILLIAMS *v.* DEWITT.

Where a defendant pleads a set-off, the plaintiff may, without waiting for evidence in support of it, prove, in the first instance, that it had been settled by an arbitration between himself and the defendant; but, after having gone into such proof, he will not be allowed, at the close of the defendant's evidence, to give additional proof of such settlement.

A witness having stated his recollection of the facts, must not state his understanding and belief from such facts.

Where it appears that the items of an account, claimed to be settled by arbitration, were reduced to writing, parol evidence of its contents is not admissible until some valid reason is shown for the failure to produce the writing.

APPEAL from the *Delaware* Circuit Court.

Monday, May 30.

WORDEN, J.—Suit by the appellee against the appellant, before a justice of the peace, from whose judgment the cause was appealed to the Circuit Court. The action was upon an account for 17 dollars. The defendant filed an account as a set-off, amounting, after deducting credits, to 88 dollars, 65 cents. On the trial in the Circuit Court, the plaintiff recovered judgment on the verdict of a jury, for six dollars, over a motion for a new trial.

By a bill of exceptions, it appears that upon the trial of the cause, the plaintiff, having offered his evidence to support the claim for which the suit was brought, proceeded to offer evidence showing that the defendant's set-off had been settled by an arbitration between the parties. To this evidence the defendant objected, on the ground, among others, "that the plaintiff had no right to attempt to defeat by evidence the defendant's set-off, until the defendant

had had an opportunity of establishing it, the defendant being entitled to commence the evidence for the defense." The objection was overruled, and the witnesses were examined by the plaintiff, whose testimony tended to establish such arbitration and settlement of the account constituting the defendant's offset.

We cannot say that this ruling of the Court was erroneous, as much depends upon the discretion of the Court below as to the order of the introduction of evidence. It would undoubtedly be entirely proper, in such case, for the plaintiff to confine himself, in the first place, to proof of his account; the defendant then being at liberty to offer his evidence to defeat the plaintiff's account, and also establish his offset; the plaintiff then having the right to rebut the defendant's evidence offered to defeat his account, and also to offer his evidence to defeat the defendant's offset; the defendant then being permitted to rebut the plaintiff's evidence attacking his offset. But we do not think, under the authorities, that it is erroneous to permit the plaintiff, in the first instance, to offer evidence to defeat the offset.

After the defendant had introduced his testimony, the plaintiff called another witness, and offered to prove by him facts in relation to the arbitration, concerning which other witnesses were examined by him in his original testimony. To this testimony the defendant objected, because, having gone into the same matters in his original examination, he had no right to travel over the same ground again, as it would give him an undue advantage in the case, having no right to introduce anything but rebutting evidence. The objection was overruled, and the testimony admitted, and exception taken.

We are of opinion that this objection was well taken, and that the Court erred in overruling it.

The case of *Brown* v. *Murray*, 21 E. C. L. 21, is in point. That was an action for a libel. Pleas, general issue and justification. The plaintiff having proven the libel, called a witness to disprove certain facts alleged in the justification. After the defendant had introduced his evidence in

support of his justification, and had closed his evidence, the plaintiff called another witness, and proposed to disprove other facts stated in the justification. But it was held by the Court that the plaintiff might, if he saw fit, content himself with proof of the libel, and leave it to the defendant to make out his justification, and then, in reply, rebut the evidence produced by the defendant; but if the plaintiff in the outset thinks fit to call any evidence to repel the justification, he ought to go through with all the evidence he proposes to give for that purpose; and that he would not be permitted to give further evidence in reply.

So in the case at bar; as the plaintiff chose, in the first instance, to go into evidence to defeat the defendant's offset, he should then have introduced all his evidence for that purpose, and not cut it up by offering a part then, and a part afterwards.

On the examination of one of the plaintiff's witnesses, the witness having stated his recollection of the facts in reference to the arbitration, he was asked to state from what he had heard the parties say, and from their acts, what his belief and understanding was, as to whether the parties made a settlement of all matters in difference between them. To this question the defendant objected, on the ground that the witness had no right to state his understanding or belief, or draw inferences, but must state facts; but the objection was overruled, and exception taken, and the witness gave to the jury his understanding and belief in the premises.

It is a general rule, that a witness can speak only to such facts as are within his own knowledge, although he is not required to speak with such expression of certainty as to exclude all doubt in his mind. And on any subject to which a witness may testify, if he has any recollection at all of the fact, he may express it as it lies in his memory, of which the jury will judge. 1 Greenl. Ev., § 440.

We think the witness might testify to the best of his recollection as to what the parties said and did; but it was for the jury to determine whether, from what they so said and did, the inference was fairly deducible that the parties

had made the settlement. The understanding and belief of the witness were improperly admitted to go to the jury.

Exception was taken to another ruling as to the admission of testimony. The witness proving the arbitration, stated that the only charges presented to the arbitrators by *Williams* against *Dewitt* were a written lease from *Williams* to *Dewitt*, and breaches therein, and an account of various items in writing amounting to about 40 dollars; and that the arbitrators took into consideration no account of said *Williams* which was not in writing. The defendant objected to the witness stating orally what items of the defendant's account were thus settled, without producing the account thus laid before the arbitrators, or accounting for its absence, on the ground that the account was the best evidence, and the only evidence of what was arbitrated and settled, if anything; but the objection was overruled, and the witness permitted to testify what items were arbitrated and settled, without any excuse for the absence of the written account.

We are of opinion that in this ruling the Court also erred. The rule requiring the production of the best evidence of which the case, in its nature, is susceptible, applies. The parties submit, in writing, certain matters in dispute between them, to arbitrators. Afterwards, a controversy arises between them as to what matters were thus arbitrated. The best evidence is undoubtedly the writing containing the submission. Supposing the controversy had been whether the items of the defendant's account had been previously recovered in an action between the parties, the record containing the bill of particulars, if one was filed, would unquestionably be the primary evidence to be resorted to. Although the law may not require the matters submitted to arbitrators to be reduced to writing, yet when thus put in writing, parol evidence of what was thus arbitrated becomes secondary in its character.

Some exceptions were taken to the ruling of the Court in giving and refusing instructions; but we have not ex-

amined them carefully, as the judgment must be reversed for the reasons above given.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the appellant.

*J. S. Buckles*, for the appellee.