THOMAS CASEY, Appellant, *v.* THEODORE LE ROY, Respondent.

PRACTICE.—If the plaintiff anticipate the defense and offer testimony in rebuttal of it, the Court may, in its discretion, refuse to admit, after the defendant has closed his case, further testimony in rebuttal which is merely cumulative.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The plaintiff appealed.

The case and points are given in the opinion of the Court.

*Grey & Brandon,* for Appellant.

*William H. Patterson,* for Respondent.

SANDERSON, J., delivered the opinion of the Court:

The complaint is for work, labor and material furnished at the request of the defendant, and for which, as alleged, he promised to pay the plaintiff so much as they should be reasonably worth. The answer denies all the allegations of the complaint, and alleges that the work, labor and materials were furnished under a written contract, which is annexed to the answer, and in part performance thereof. The trial was by the Court without a jury. Final judgment passed for the defendant. The plaintiff moved for a new trial upon a statement of the evidence and rulings of the Court. The new trial was moved upon two grounds: First— Errors of law; and Second—Insufficiency of the evidence.

The only ruling of the Court to which exception was taken by the plaintiff related to the admissibility of certain testimony which was offered by him, as he argued, in re-buttal of the defense made by the defendant. The Court excluded the testimony. The question arose in the follow-ing manner: Instead of proving the amount and value of his work and labor, without any reference to the contract, and resting, the plaintiff went into the defendant's case also, and proved that the work was done, as alleged by the de-fendant, in part performance of the written contract which was annexed to the answer, and also the facts upon which he relied as constituting a legal excuse for the non-perform-ance of the entire work called for by the contract, and there-fore entitling him to count upon a *quantum meruit.* The de-fendant then introduced his testimony, showing the facts upon which he relied to establish the contrary, and rested. The plaintiff then proposed to prove by two other witnesses the same facts which he had already proved, for the purpose of excusing himself from the performance of the entire con-

tract. To this the defendant objected, and the Court sustained the objection. This was not error. Having elected to anticipate the defendant's case at the opening, and to rebut it in advance, the plaintiff should have introduced all his evidence upon that head *then*. Having adopted that course, further evidence of the same character could not be considered as rebutting, but merely as cumulative, and in its discretion the Court might well decline to receive it at the time it was offered.

Judgment and order affirmed.