[Civ. No. 4348.   Second Appellate District, Division One.—May 23, 1925.]

## WALTER F. MALONE, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

[1] NEGLIGENCE—COLLISION BETWEEN TRUCK AND STREET-CAR—SPEED OF TRUCK—USE OF GOVERNOR—INSUFFICIENT OFFER OF PROOF—APPEAL.—In an action for damages for the injury to plaintiff's truck as the result of its having been struck by a street-car of the defendant railway company, where the plaintiff, as a part of his case in chief, offers evidence as to the speed at which the truck was traveling, and such evidence is in conflict with the evidence introduced by the defense showing that the truck was traveling at a much higher rate of speed than stated by plaintiff's witnesses, the appellate court cannot say that the trial court committed error in sustaining defendant's objection to plaintiff's offer to show, on rebuttal, that at the time of the collision there was a governor on plaintiff's truck, where the record does not show that, at the time the objection was made, plaintiff offered to prove that the governor operated to limit the speed to less than ten miles (that being the limit provided by law for trucks traveling over a crossing) or that the evidence, if admitted, would have tended to overcome the testimony of defendant's witnesses.

[2] ID.—ANTICIPATION OF DEFENSE—ADDITIONAL PROOF ON REBUTTAL.—In such an action, where plaintiff presents his case upon the theory that the burden is upon him to show not only the speed of the street-car, but also the speed of the truck, and he has the opportunity in his case in chief, without objection or hindrance from the defense, to present testimony which in effect is anticipating the evidence of the defendant on the charge of contributory negligence, he should not be allowed to occupy the time of the court by covering the same ground in rebuttal.

[3] ID.—LAST CLEAR CHANCE—INSTRUCTIONS.—The doctrine of the "last clear chance" involves, first, the proposition as to whether or not the defendant actually saw the plaintiff in a position of danger, or in a position that any reasonable person would infer was likely to be dangerous, and, second, if he did so see the plaintiff, that it was his duty to exercise every reasonable endeavor to avoid the collision, and failing in so doing the plaintiff would be entitled to recover, although he was guilty of contributory negligence; and,

3. Application of last clear chance doctrine to collision between street-car and automobile, note, Ann. Cas. 1916E, 515. See, also, 20 R. C. L. 138; 19 Cal. Jur. 651.

where the instructions given by the court correctly state such essential elements, prejudicial error may not be predicated upon the refusal of the court to give an instruction on that subject requested by plaintiff and which contains in much clearer form an enunciation of those principles.

(1) 4 C. J., p. 72, n. 99.   (2) 38 Cyc., p. 1355, n. 23, 24, 25, 30, p. 1356, n. 32.   (3) 4 C. J., p. 1052, n. 5; 29 Cyc., p. 530, n. 15, p. 531, n. 19; 38 Cyc., p. 1717, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Harry K. Sargent and F. L. Anderson for Appellant.

Gibson, Dunn & Crutcher and J. Karl Lobdell for Respondent.

HAHN, J., *pro tem.*—The action is one to recover damages alleged to have been suffered by the plaintiff to his truck, arising out of a collision between his truck and the defendant's street-car.   The complaint charges that the defendant's car was at the time of the collision being "driven and operated at an excessive, dangerous and unlawful rate of speed and without any regard whatever for the safety of others using the said highways."   The answer denies the charge of negligence and, in addition, sets up the defense of contributory negligence on the part of the driver of the truck, who was the agent of the plaintiff.   The case was tried before a jury and, upon a verdict for the defendant, judgment was entered by the court accordingly.   The plaintiff appeals from the judgment.

The appellant, seeking to reverse the judgment of the lower court, urges two grounds: First, that the court erred in sustaining defendant's objection to plaintiff's offer to show, on rebuttal, that at the time of the collision there was a governor on plaintiff's truck which controlled and limited its speed.   Second, error committed by the court in refusing to give certain instructions requested by the appellant.

The accident occurred at the intersection of First and Townsend Streets, in the city of Los Angeles.   First Street,

along which the defendant's car operated, runs east and west, while Townsend Street runs north and south. It appears from the testimony that plaintiff's truck was moving in a northerly direction on Townsend Street and approaching First Street. The defendant's car was moving in an easterly direction, approaching Townsend Street. The driver of the truck testified that when the street-car was distant about 250 feet from the Townsend Street crossing he observed the street-car coming toward him, but he concluded that he had sufficient time within which to cross the tracks before the street-car reached the crossing. Apparently in this conclusion he was mistaken, for the street-car struck the rear end of his truck, causing the alleged damages.

The driver of the truck, as also other witnesses for the plaintiff, while on the stand in their direct examination, testified as to the rate of speed of the truck at the time it approached and crossed First Street; and also testified as to what, in their opinion, was the speed of the street-car as it approached Townsend Street. A reading of the testimony covering plaintiff's case would indicate that the attorney for the plaintiff, in eliciting testimony from his witnesses, had in mind presenting to the jury the question of the speed of the truck, as well as the speed of the street-car. The witnesses for the defense, testifying as to the speed of the truck at the time it crossed the car tracks, estimated the speed in excess of that given by the truck driver and other witnesses for the plaintiff. The defense having rested, plaintiff was recalled to the witness-stand by his counsel, and when asked as to the date of the purchase of the truck in question, defendant's counsel objected and the objection was sustained by the court. The record shows then the following colloquy:

[1] "Mr. Sargent: If your Honor please, the object of this examination is this: We propose to show that Mr. Malone purchased this truck about four months prior to the accident, from the White Auto Company, a new truck; that at the time it was purchased, there was a governor on the truck; it was sealed, and that that seal was not broken at the time of the accident.

"Mr. Lobdell: Now, if the Court please, that opens an entirely new field of inquiry here.

"The Court: Objection sustained. That is not rebuttal."

Appellant in his brief argues that the testimony as to the governor on the truck should have been allowed on the theory that it operated in some manner to control the speed of the truck. It does not appear from the record that at the time the objection was made to his question he offered to prove that the governor did operate to limit the speed of the truck to less than ten miles, ten miles per hour being the limit provided by law for trucks traveling over a crossing. Nor does appellant in his brief at any point claim that the governor in question did or would prevent the truck from making more than ten miles per hour. Hence, we are not able to say that, even had the plaintiff been permitted to testify about the governor, or what it would show, the evidence would have tended to overcome the testimony of the defendant's witnesses.

Respondent in answer contends that, inasmuch as plaintiff in his case in chief offered testimony as to the speed of the truck, thus anticipating the charge of contributory negligence, it became his duty to offer all of the testimony he desired upon that question in his case in chief, and that any testimony on that issue was not proper rebuttal; that, in effect, the plaintiff occupied the position of offering, after the defendant had closed its case, matter on his case in chief, the allowance of which was entirely within the discretion of the court. This view has been sustained in the case of *Casey* v. *Le Roy*, 38 Cal. 697. Reason would support this rule. [2] Plaintiff evidently went on the theory, in the presentation of his case, that the burden was upon him to show not only the speed of the street-car, but also the speed of the truck, and having had the opportunity in his case in chief, without objection or hindrance from the defense, to present testimony which in effect was anticipating the evidence of the defendant on the charge of contributory negligence, he should not be allowed to occupy the time of the court by covering the same ground in rebuttal. Upon the authority of the case above cited, as well as the considerations enumerated, we are of the opinion that the ruling of the court was proper.

[3] The second point urged on behalf of a reversal is that the court erred in refusing to give to the jury the following instruction:

"It is the duty of a motorman in charge of a street-car to exercise reasonable care and diligence to discover any person or vehicle upon or near to the track in front of the car which he is operating, and if he discovers any vehicle in charge of a person upon said track, or so near as to be likely to be struck by said car, and he has reason to believe that said person is unable to avoid his danger, it is the duty of said motorman to use every reasonable effort to stop the car, and if in such case he causes or permits his car to run with uninterrupted speed, and without effort to check or stop the same, until it runs into and strikes said vehicle, destroying it, the defendant would be guilty of negligence."

The purpose of the instruction was manifestly to instruct the jury on the doctrine of the "last clear chance." The refusal of the court to give this instruction was based upon the assertion that the substance of it was included in other instructions given to the jury.

From a careful examination of the instructions given to the jury it appears that the only instruction which might be interpreted as covering the doctrine of the "last clear chance" reads as follows:

"If the motorman was keeping a reasonable lookout ahead, and if you further believe that because of the conditions existing on the southwest corner of First and Townsend streets it was impossible for the motorman to see or know of the approach of the truck until it came into view from behind the buildings, and that he became aware of its approach as soon as any other reasonable or prudent motorman situated as he was, would have, and that he then immediately did all he could to bring his car to a stop using the appliances he had at hand, and made every reasonable effort to avoid a collision, then the plaintiff cannot recover, and your verdict must be against him and in favor of the defendant."

If the instruction actually given by the court as above quoted contains the essential provisions of the rule applicable to the doctrine of the "last clear chance," then no error was committed by the court in refusing plaintiff's offered instruction. The doctrine of the "last clear chance" involves, first, the proposition as to whether or not the defendant actually saw the plaintiff in a position of danger, or in a position that any reasonable person would infer was likely to be dangerous; and, second, if he did so see the plaintiff, that it was his

duty to exercise every reasonable endeavor to avoid the collision, and failing in so doing the plaintiff would be entitled to recover, although he was guilty of contributory negligence. While it must be conceded that the instruction requested by the plaintiff contains in much clearer form the law of the doctrine of the "last clear chance," we cannot say that the instruction given by the court did not contain a sufficient statement of the law on this subject. The court in effect, although in somewhat involved and negative form, declares to the jury the legal conclusion which would follow, if the jury should find that the motorman perceived the plaintiff as soon as a man under such conditions could reasonably have done so, and that if the jury so finds, and that he immediately did all in his power to avoid a collision, the plaintiff would not be entitled to recover. Upon careful study of these instructions, it seems to us that there was called to the jury's attention the essential elements involved in the doctrine of the "last clear chance"; and while, as above suggested, the clear enunciation of those principles as set forth in the refused instruction would probably have been more helpful to the jury in having clearly in mind this rule, we are satisfied that sufficient information on the subject was given to the jury to enable them to make application thereof, if the facts warranted it.

Furthermore, from a careful examination of the testimony in the case, we feel that there was abundant evidence to justify the jury in believing that the motorman of the street-car exercised every reasonable effort to stop the car before the collision, and that the verdict of the jury from the evidence could not in any sense be said to be a miscarriage of justice.

For the foregoing reasons the judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.