Argued at Pendleton October 28, affirmed December 16, 1924.

# E. G. PRESTBYE, ADMR., *v.* J. W. KLIPHARDT ET AL.

### (231 Pac. 187.)

**Trial—Party cannot Accumulate Evidence in Rebuttal on Point Covered on Chief Examination.**

1. In view of Section 853, Or. L., plaintiff, not being bound to anticipate defense, but who introduced in chief as much evidence in respect to defense as he deemed advisable, could not in rebuttal accumulate evidence on same point as a matter of right.

**Trial—Not Abuse of Discretion to Refuse to Open Case or Divide Evidence into Parts.**

2. It was not an abuse of discretion to refuse to permit plaintiff in rebuttal in action for death on highway, to open main case or divide evidence in two parts, where both parties, in chief, had adduced testimony showing circumstances of the accident.

Trial—Evidence Offered in Rebuttal must be Material.

3.  To predicate error in refusing admission of testimony in rebuttal, material evidence must be tendered.

Trial—Offer of Proof must State Facts Distinctly and Specifically.

4.  Offer of proof should state facts, not conclusions, and language should be distinct and specific, not vague .and general; it not being sufficient to state ultimate facts appropriate to pleading, but evidentiary facts must be set out.

---

See (1, 2) 38 **Cyc.** 1355.   (3) 38 **Cyc.** 1360.   (4) 38 **Cyc.** 1332, 1334.

---

From Umatilla: Harry H. Belt, Judge.

In Banc.

This is an action for negligence arising from the death of Gerhardt Wiebe in an automobile accident in Walla Walla County, Washington. The cause was tried to the court and a jury and a verdict rendered in favor of defendants. From a judgment thereon plaintiff appeals.

The facts of the case, as far as it is necessary to here state, are as follows:

On Sunday, March 4, 1923, at about 6 o'clock p. m., Gerhardt Wiebe was riding north toward the City of Walla Walla, Washington, in a Ford automobile owned by Jacob Lautsch, on the paved highway known as the Oregon-Washington highway. At a point on the highway about 100 yards south of where the highway crosses the Walla Walla River, the automobile became disabled by reason of a flattened tire on the left rear wheel. The automobile was driven to the extreme right and easterly side of the paved portion of the highway so that the left wheels of the automobile were about eight inches upon, and the left side of the automobile was about fifteen inches over the pavement, and the right wheels were off the pavement and, as alleged by plaintiff, within a few inches of the ditch about two feet deep and three feet wide. Ger-

hardt Wiebe got out of the automobile in which he was riding to assist in repairing the flattened tube, and while on his knees and immediately behind, and close to the wheel on which he was replacing the tire, he was run over with such force and violence by the defendants' Dodge automobile, that he was instantly killed.

Plaintiff alleges that at the time of accident, both the rear and the front lights on the car on which Wiebe was replacing the tire were burning and the view of the automobile was unobstructed from approaching automobiles, and that the defendants negligently drove the car at an excessive and dangerous rate of speed against deceased with great force and violence.

The defendants denied any negligence upon their part and alleged contributory negligence on the part of decedent in repairing the tire in the night-time upon the paved public highway without any light on or about the car; that the decedent knew of the defendants' approaching car and failed to heed the danger; that he permitted the car to be stopped on the public highway of Washington without any lights on the automobile, when he could have easily and within little or no distance have removed the automobile from the highway for the repairs. The defendant further pleaded the statute of the State of Washington as follows:

"Section 35. It shall be unlawful for any person to leave any vehicle standing upon the main traveled portion of any highway of this state; provided, that this provision shall not apply to any vehicle so disabled as to prohibit the moving of the same. And it shall be unlawful for any person to leave any disabled vehicle standing on any traveled portion of any highway of this state at any time between one-half hour after sunset and one-half hour before sunrise

without having a red light displayed on the rear end. of such vehicle at the side thereof nearest the center of the highway.''

The defendant also pleaded other sections of the statutes of Washington. It appears the defendants were residents of Umatilla County, Oregon. The errors assigned relate to the ruling of the court upon testimony offered by plaintiff in rebuttal.

                                                  AFFIRMED.

For appellant there was a brief over the names of *Mr. C. M. Rader* and *Mr. Homer I. Watts,* with an oral argument by *Mr. E. C. Prestbye.*

For respondents there was a brief and oral arguments by *Mr. W. G. Coleman* and *Mr. Stephen A. Lowell.*

BEAN, J.—At the close of defendants' case the plaintiff called as the first witness in rebuttal, B. L. Archer. After a few preliminary questions had been asked of the witness, Archer, counsel for defendants objected ''to any testimony on this line on the ground it is not proper rebuttal.'' Whereupon one of counsel for plaintiff stated:

''We expect to show in direct rebuttal to the evidence of several witnesses for the defense who have attempted to show that there was plenty of room south or east of the pavement so that a car could have been driven over further and entirely off the pavement. We expect this evidence to show and offer to prove by this witness that the Ford car was driven over as far as it could be driven without getting into the water. Also offer to prove by him that the lights were in good working order the next day, and also proof of the damage done to the car so as to show the force of the impact.''

Counsel for defendants contended that all those matters should have been put in upon the presentation of the case in chief. The trial court ruled as follows:

"Anything that throws light on the question of negligence on the part of the defendant is a matter that should have been gone into in the case in chief. The logical order to proceed is, first you show by your evidence the alleged negligence of the defendants, then the defendant undertakes to show contributory negligence of the plaintiff. You can't go into in rebuttal anything as to the alleged negligence of the defendants because you closed that part of the case."

Counsel for plaintiff contended that the proof of the case in chief in regard to the location of the car, barely on the highway, and the reason given for not removing it entirely from the highway, was a mere incident in connection with showing the location of the car at the time. The court then ruled as follows:

"That is all part of your case in chief, you show the condition of the pavement and all the facts in relation to the question of negligence on the part of the defendants in approaching that scene. If that is the purport of your question the objection is sustained.

"Exception allowed."

In order for a proper understanding of the status of the case at the time the ruling was made, it is necessary to notice a portion of the testimony in the case introduced prior to the ruling.

It appears from the record that on the night of the accident, four men, Jacob Lautsch, Adam Gaub, Sam Gaub and Gerhardt Wiebe, the deceased, were journeying over the highway at the time mentioned. Two of these parties were witnesses for the plaintiff upon the trial. Jacob Lautch, as such witness upon direct examination, upon the trial of plaintiff's case

in chief, after describing the details of the first part of the journey and the stopping of the car for the purpose of repairs, testified in part as follows:

"Q. Did you stop your car then?

"A. I just pulled off of the pavement.

"Q. How far off the pavement did you pull?

"A. I pulled off, I had two wheels off the pavement, I judge from six to eight inches or ten inches, probably, on the pavement.

"Q. Were you headed towards Walla Walla, that is north?

"A. Yes, sir.

"Q. How far off the pavement, or how far on the pavement were your left hind wheels?

"A. I should judge they were about eight inches on the pavement at the most.

"Q. Why didn't you drive off further?

"A. I couldn't do it.

"Q. Why?

"A. There was a ditch right there, I sunk down about four inches with my right wheels already.

"Q. What was in that ditch?

"A. Water.

"Q. Was the ditch extending up and down there for some considerable distance or was there just a ditch at that particular place?

"A. There is a shoulder right off the pavement, and I drove off of that shoulder and at the outer end of the shoulder the ditch went down, I don't know how deep it was, but it was about two feet deep.

"Q. How far up and down the road did that ditch extend approximately?

"A. I don't know how long it was at the time, I run into it, I didn't pay any attention to it, but the next day it looked like it was five hundred feet ahead of me yet."

There was also a lengthy cross-examination of this witness as to the attempt made at the time to get the car entirely off the pavement. This witness then stated in substance, that the shoulder of the

highway next to the pavement was about three or four feet wide, that there was not room enough to get the car off the pavement, and also that it was too wet; that there was water in the ditch which came to the dirt shoulder; that the lights on the Ford car were burning all the time.

Mr. Adam M. Gaub, another eye-witness to the accident, testified for plaintiff in his case in chief to the effect that Mr. Lautsch, the driver of the car at the time, turned the car off the road as far as he could get it without going into the ditch; that there was water in the ditch and it was not practical to go any further, and that the lights of the car were burning; that the engine was running and that the lights were visible from the front and the rear; that he went around to the rear of the Ford car and saw that the rear light was burning. This witness was also cross-examined as to the lights of the car and the distance from the pavement to the ditch. The witness testified that the tires on the left side of the Ford car were eight inches on the pavement and the right wheels were about the same distance from the water in the ditch; that the distance from the paved surface of the highway to the shoulder of the ditch was around four feet, being slightly sloping for about two feet next to the ditch.

In answering the testimony of the plaintiff thus introduced J. W. Kliphardt, one of defendants, as a witness, testified in part as follows:

"Q. Did you notice the condition of the dirt road at that time just off of the pavement there where the accident was?

"A. Well there was ample room there to park a car.

"Q. Entirely off the pavement?

"A. Yes, sir; entirely off the pavement.

"Q. There was at that time?

"A. Yes, sir.

113 Or.—5

"Q. Without getting into the water?

"A. Yes, sir; without getting into the water.

"Q. You noticed that that evening, did you?

"A. Yes, sir.

"Q. Were you out there again the next day?

"A. I was there with the jury the next day.

"Q. Did you make any observations of that dirt road at that time?

"A. Yes, sir; I went right in there and helped push out that car, and I went in with my Sunday shoes on and never got my feet wet, I stepped in there and the water never run into my shoes, shoes like I have on now.

"Q. How much water was in that ditch?

"A. There wasn't anything in there to hinder any car going in there, even in the water.

"Q. How close was that water in the ditch to the top of the dirt shoulder there?

"A. I can't exactly tell, it wasn't enough water to hurt anybody driving in there, even in the water.

"Q. Was that dirt shoulder very muddy?

"A. No, not bad, it wasn't what we call muddy, it was just a little slippery on top, it wasn't what we call muddy. * * "

Mr. W. C. Eels, a civil engineer, testified as a witness for defendants, in part, to the effect that he made a survey of the highway where the accident occurred, on April 3, 1924, and prepared a map thereof. He explained from the map, which we do not find in the record, that for a thousand feet preceding the place of the accident, that is, from a certain curve, to the scene of the accident, there was a space ten or twelve feet in width on the east of the pavement of the highway where a car could be run "perfectly feasible" entirely off the 18-foot pavement.

It will be seen from the testimony to which we have referred that the plaintiff in proving his *prima facie* case introduced evidence tending to show the

condition and width of the shoulder, or dirt road, at the side of the paved highway, and that it was not practical for the car to be driven any further to the right of the highway than it was immediately preceding the time of the accident; and also in regard to the condition of the lights on the Ford car which Wiebe, the decedent, was assisting in repairing, and many details in regard to the defendants' car striking Wiebe, the decedent.

1. The plaintiff was not bound to anticipate the defense or to prove a want of contributory negligence, but in the exercise of his own discretion he saw fit to open that part of the case to which the testimony applied upon rebuttal relates, and introduced as much evidence in respect thereto as he deemed expedient as a part of his case in chief. Therefore, he could not afterwards claim as a matter of right, to accumulate testimony upon the same point. Section 853, Or. L., provides as follows:

"The order of proof shall be regulated by the sound discretion of the court. Ordinarily, the party beginning the case shall exhaust his evidence before the other begins."

The general rule which seems to be applicable in the present case is stated in 38 Cyc. 1354 as follows:

"Neither party is bound to anticipate the evidence of the other; and until the party having the burden of the issue has introduced evidence in support thereof, it is unnecessary for the other to introduce evidence to defeat it, and it is not error for the court to decline to permit him to do so. However, it is very generally held that the court may in its discretion permit a party to introduce evidence in chief which would have been proper in rebuttal. As has been said where the materiality of evidence, although properly rebutting, is foreshadowed by the line of defense it is within the discretion of the court to admit it in advance of the evidence which it is intended to re-

but. However, if this is done, the party is not entitled as a matter of right to introduce further evidence to the same point in rebuttal of his adversaries' case. Having elected to rebut it in advance, he should put in all his evidence upon that point then. Hence, the court in its discretion may properly refuse to admit further· evidence to the same point in rebuttal, and ordinarily it should do so.''

A party should not be allowed, after going into part of his case, to reserve the residue of his evidence for a subsequent opportunity. The courts do not encourage the establishment of a case by piecemeal: 5 Jones on Ev., 58, § 809. See, also, *Muntz* v. *Cottage Hill Land Co.*, 222 Pa. St. 621 (72 Atl. 247). In *Williams* v. *DeWitt*, 12 Ind. 309, at pages 310 and 311, we read thus:

''After the defendant had introduced his testimony, the plaintiff called another witness, and offered to prove by him facts in relation to the arbitration, concerning which other witnesses were examined by him in his original testimony. To this testimony the defendant objected, because, having gone into the same matters in his original examination, he had no right to travel over the same ground again, as it would give him an undue advantage in the case, having no right to introduce anything but rebutting evidence. The objection was overruled, and the testimony admitted, and exception taken.

''We are of opinion that this objection was well taken, and that the Court erred in overruling it. * * as the plaintiff chose, in the first instance, to go into evidence to defeat the defendant's offset, he should then have introduced all his evidence for that purpose, and not cut it up by offering a part then, and a part afterwards.''

In *Casey* v. *Leroy*, 38 Cal. 697, the syllabus reads thus:

''If the plaintiff anticipate the defense and offer testimony in rebuttal of it, the court may, in its

discretion, refuse to admit, after the defendant has closed his case, further testimony in rebuttal which is merely cumulative.''

From *Kimble* v. *Stackpole,* 60 Wash. 35 (110 Pac. 677, 35 L. R. A. (N. S.) 148), we read thus:

''It is next insisted that the court should have allowed plaintiff to show on rebuttal that the team was not beyond the control of the defendants at the time it was driven on the viaduct. It would seem from the record that practically every eye witness, including the defendants, had been sworn and testified in plaintiff's behalf. This question has been fully covered by the case in chief. Appellant's witnesses in rebuttal had already testified; one, that the hearse was going at the rate of ten miles an hour; another eight or ten miles an hour while it was yet two blocks from the viaduct and another that it was going at a 'stiff gait.' These witnesses, as well as others, had detailed the occurrence fully and the court properly refused to recall the witnesses who had testified in chief.''

In 4 Wigmore on Evidence, 20, Section 1873, it is stated *inter alia* as follows:

''It is perfectly clear that the orderly presentation of each party's case would leave the proponent nothing to do, in his case in rebuttal, except to meet the new facts put in by the opponent in his case in reply.''

2. In the case at bar plaintiff did not propose to meet any new fact put in by defendants in their case in reply. The matter pertaining to the space and condition of the driveway, or shoulder at the side of the pavement, the lights on the Ford car, and the circumstances of the accident, all having been testified to by the witnesses for plaintiff in his case in chief, and by the witnesses on the part of defendants in their reply, it was competent for the trial judge in the exercise of his discretion, to refuse to permit

the plaintiff, upon rebuttal, to open up the main part of the case, or to divide up his testimony and introduce it in two parts. We cannot say from the record that there was any abuse of such discretion.

3. There is a further reason suggested in support of the ruling by the trial court. It will be noticed by the language of the trial court which we have set out above, that the court stated, "You show the condition of the pavement and all facts in relation to the question of negligence on the part of defendants in approaching that scene. If that is the purport of your question the objection is sustained." It is clear that the ruling excluded only evidence relating to the negligence of defendants. It was therefore incumbent upon plaintiff, in order to lay a foundation upon which to predicate error, to tender material rebutting testimony, as in order for the plaintiff to have been injured by the ruling excluding the evidence it must appear that such evidence was material: 26 R. C. L., § 35.

It is the settled rule in this state as announced by Mr. Justice McCAMANT in the case of *Columbia R. I. Co.* v. *Alameda L. Co.*, 87 Or. 277, at 296 (168 Pac. 64, 440), as follows:

"An offer of proof should state facts rather than conclusions. Its language should be not vague, but distinct; not general but specific. It is not sufficient that it state the ultimate facts in language appropriate to a pleading; the evidentiary facts must be set out."

See, also, *Booth-Kelly L. Co.* v. *Williams,* 95 Or. 476, 483 (188 Pac. 213). In 9 Ency. Evidence, 165, it is said:

"In making an offer to prove it is requisite that counsel should be distinct and clear. The offer should embody the specific fact or facts in such con-

nection and in such terms as to be apprehended and ruled upon in the intended sense by the trial judge, and be examined and applied in the appellate court in the proper light to test the accuracy of the ruling, if adverse. A mere general proposition in so many words to make out the case set forth in the pleadings is not one that the court is bound to take into consideration and rule upon as an offer of proof.''

This rule is supported by *Harmon* v. *Decker,* 41 Or. 587, 592 (68 Pac. 11, 1111, 93 Am. St. Rep. 748), and by numerous authorities cited in the opinion on rehearing in the case of *Columbia R. I. Co.* v. *Alameda L. Co., supra.*

4. In the present case counsel for plaintiff stated first: ''We offer to prove by this witness that the car was driven over as far as it could be driven without getting into the water.'' Practically this identical language was used by plaintiff's witness in his case in chief. It is, however, in the nature of a conclusion. There was no question propounded to the witness tending to elicit testimony in regard to the width of the ''shoulder,'' or space at the side of the pavement where a car could be driven, or the condition of such space, or the width of the car, or the depth or amount of water beside the highway at the place of the accident; nor any answer tendered indicating any of such facts. The materiality of the testimony referred to by plaintiff's counsel in a general way is at least questionable.

There is some testimony in the case tending to show that the grade from the pavement into the ditch descended only about five inches, and that there was not water enough in the ditch at the time to prevent driving a car safely therein. The further offer of proof was quite general. It was not indicated to the court that any test or inspection of the car had been

made by the witness, or that the witness would testify to any fact in addition to what had been testified to in the case in chief. The proffered proof as far as indicated by the record was purely cumulative. There was no abuse of discretion in the trial court in sustaining the objection and refusing plaintiff leave to open his case in chief, reiterate the same kind of testimony there introduced, and travel over the same ground already fully covered at his own election and without objection.

Finding no error in the record, the judgment is affirmed.                                    Affirmed.

Burnett, J., not sitting.