Argued April 4, affirmed June 15, 1966

## STUDER *v.* BROWN ET AL

415 P. 2d 509

*Albert H. Ferris,* Eugene, argued the cause for appellant. On the briefs were Thwing, Ferris, Atherly & Butler, Eugene.

*John L. Luvaas,* Eugene, argued the cause for respondent Irene E. Brown. On the brief were Luvaas, Cobb & Richards, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondent Gary R. West, a minor. On the brief were Calkins & Bryson, Eugene.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

PERRY, J.

This is a negligence action in which the jury returned a verdict for defendants. Plaintiff has appealed.

The facts are essentially as follows. James Ernest Thatcher and Gary R. West, 14 year-old ninth grade students, desired to purchase chemicals with which to conduct some rocket experiments. The purchase could not be made without the signature of an adult. Defendant Irene E. Brown, Thatcher's mother, signed the order for the boys and agreed to hold the supplier harmless for any damage or injury arising out of the use of the chemicals.

Mrs. Brown knew the chemicals were explosive, and that the boys intended to create explosions with them. She warned her own son not to use the chemicals unless there was an adult at home so that in case of injury proper medical attention could be obtained. She gave no warning to Gary R. West concerning the use of the chemicals, nor did she inquire of him as to his knowledge in the use of such chemicals. Neither did she advise West's parents that the chemicals had been purchased and delivered to the West boy, nor did she otherwise inquire as to the possible presence of other children at the West home.

Defendant Gary R. West took his portion of the chemicals to his home and stored them in a tree house

used by him and his younger brother, Michael, aged eleven. Defendant Gary R. West did not advise his mother of the purchase or that the chemicals were stored in the tree house. He knew that the chemicals, if combined, were explosive and might explode if only shaken or stirred. However, defendant Gary R. West did warn his brother Michael several times to stay away from the chemicals. There is no record of whether he warned any of Michael's friends. At any rate, he used the chemicals at times when Michael was not around because he feared Michael might be tempted to ignore his warnings.

On May 1, 1964, the plaintiff, Thomas M. Studer, age twelve, and Michael West were playing at the West home. They went to the tree house where they saw the chemicals and played with them. Michael West told plaintiff that they should not get into the chemicals. While first at the tree house, plaintiff and young West mixed a small amount of chemicals together and placed them in a felt pen cap. A minor explosion occurred when the chemicals were either lit or compacted by the use of a match stick. The explosion stung plaintiff's fingers. The boys then left the West premises and went to plaintiff's house where plaintiff obtained some matches and a plastic medicine vial for the purpose of going back to the tree house and taking a larger portion of the chemicals. The boys filled the plastic vial and took the larger amount of chemicals to a vacant lot near their homes. They intended to make a fuse and ignite the chemicals, hoping to watch an explosion from a place of safety. At the vacant lot plaintiff put a plastic spoon in the chemicals and mixed or pressed on them. A violent explosion occurred, causing serious injuries to plaintiff, including the loss of parts of one finger, one thumb, multiple

puncture wounds, scarring, and for practical purposes, the loss of one eye.

There is but one issue in the case. It revolves around the following instruction.

"I instruct you that even if you should find that defendants, or either of them, were negligent and that their negligence, if any, proximately caused the injuries to plaintiff, nevertheless plaintiff would not be permitted to recover if you should find either that *he fully realized the risk and consciously encountered it,* or that while he may not have realized the danger involved in exposing himself to the condition, he failed to exercise the care which children of his age, intelligence and experience are required to exercise for their own protection." (Emphasis supplied)

Plaintiff cites the italicized portion as error.

We confess ourselves at a loss to understand how plaintiff's citations and argument have any application to this instruction.

This instruction simply assumes that the jury has reached the point of determining that defendants were negligent as alleged in plaintiff's complaint, and then proceeds to instruct on the duties of the plaintiff as a child in regard to contributory negligence which bars recovery.

We find no merit in plaintiff's assignment of error.

The judgment is affirmed.