Argued April 3, affirmed September 5, 1968

FRANKS, *Appellant, v.* SMITH, *Respondent.*

444 P. 2d 954

*Bernard P. Kelly,* Medford, argued the cause for appellant. On the briefs were Franklin, Olsen, Bennett, Des Brisay & Jolles and Clifford B. Olsen, Portland, and Kelly, Grant & Cooney, Medford.

*Philip B. Lowry* and *William V. Deatherage,* Medford, argued the cause for respondent. On the brief were Frohnmayer, Lowry & Deatherage, Medford.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY,* Justices.

DENECKE, J.

Plaintiff was injured when he and the defendant collided while they were engaged in the sport of motorcycle hill climbing. The jury found for the defendant and plaintiff appeals.

The plaintiff assigns as error the trial court's refusal to withdraw the defense of assumption of risk and the court's instructing the jury regarding such defense. On appeal the plaintiff attacks the language of the assumption of risk instruction given; however, at trial exception was taken only upon the grounds that there was no evidence from which the jury could infer that the plaintiff assumed the risk and that the defense was really that of contributory negligence and was, therefore, repetitious as contributory negligence had been separately pleaded and instructed upon. We limit our decision to the issues raised by plaintiff's exception at trial.

---

* Langtry, J., did not participate in this decision.

The testimony was that the sport of motorcycle hill climbing is the ascent and descent of steep, perhaps rough, hills in as "showy" a manner as possible. Participants recognize that there are hazards in the sport and this is part of the challenge.

In this case the collision occurred when the defendant was descending and the plaintiff was ascending the same trail. There is a conflict in the testimony upon the issue of why the defendant was descending the same trail he had used for the ascent. The jury could have found that the defendant did not have enough traction to reach the top and was required to turn around quickly and start back down. There also was a conflict in the evidence concerning the custom or informal rules of hill climbing. The jury could have found that the custom or rules permitted a rider who lost traction to turn and head down the same trail to keep his cycle upright and that the plaintiff was aware of such hazard.

One of the charges of negligence against defendant was that he descended the hill when he knew, or should have known, that plaintiff was ascending. Defendant charged the plaintiff with contributory negligence in ascending the hill while the defendant was descending.

The opinion in *Ritter v. Beals*, 225 Or 504, 358 P2d 1080 (1961), contains a definitive discussion of assumption of risk.[1] We held in that case that the trial court erred in submitting to the jury the defense of assumption of risk because it was repetitive of contributory negligence, which was also submitted to the jury. The crux of that opinion is in this sentence: "Where the complaint alleges that the defendant negligently created a hazardous condition, the answer that

[1] For a comment on that decision and its successors see 46 Or L Rev 219 (1967).

the plaintiff voluntarily exposed herself to an unreasonable hazard alleges contributory negligence." 225 Or at 520. The conduct amounts to contributory negligence because the defendant's conduct was negligent and the plaintiff voluntarily exposed herself to the hazard created by such negligence.

*Vendrell v. Sch. Dist. 26C, Malheur County*, 233 Or 1, 376 P2d 406 (1962), is a case in which an injury was incurred while participating in a sport and illustrates when assumption of risk is not repetitive of contributory negligence. Plaintiff was carrying the ball in a high school football game and was injured when he was tackled. We quoted from 2 Harper and James, The Law of Torts, 1181, § 21.5, as follows:

> "Voluntary participants in lawful games, sports, and even roughhouse, assume the risk of injury at the hands of their fellow participants (and of course of 'hurting themselves'), so long as the game is played in good faith and without negligence. * * *"

We stated:

> "We believe that the plaintiff assumed the risk attendant upon being tackled. The risk of injury that was inherent in being tackled was obvious. The plaintiff was thoroughly familiar with it. He had been tackled scores of times and had been the tackler many many times. The tackle in question was made fairly and according to the rules." 238 Or at 19.

The difference in the two cases is that in *Ritter v. Beals*, supra (225 Or 504), the defendant was negligent and created an unreasonable hazard and the conduct with which the plaintiff was charged was knowingly exposing herself to this negligently created hazard. In the *Vendrell* case the defendant was found to be not

negligent although creating a hazard, hard tackling,[9] and the plaintiff voluntarily exposed himself to this hazard.

Plaintiff's counsel was fully aware of this distinction and argued that assumption of risk, as used in the sense it was used in the *Vendrell* case, is merely another way of saying that the defendant owed no duty to the plaintiff; plaintiff already has the burden of proving that the defendant owes the plaintiff the duty not to be negligent and that the defendant breached his duty; therefore, plaintiff argues, adding assumption of risk is repetitive and confusing. Plaintiff is correct; assumption of risk as used in this sense is another way of stating that the defendant owes no duty; therefore, he cannot be negligent. Nevertheless, in some circumstances the statement of the problem to the jury in terms of assumption of risk, as well as in terms of the plaintiff proving negligence, is desirable for the purpose of more fully educating the jury.

■ The advisability of instructing on assumption of risk in order to more fully educate the jury is illustrated particularly by the cases involving injuries received in sporting events. A portion of the Oregon Uniform Jury Instruction on negligence states: "Reasonable care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or others." Oregon Uniform Jury Instructions No. 10.02. In many sporting events the participants do not conduct themselves so as to avoid injury to others; however, no one questions that the participants are not negligent if they injure another as long as they play within the rules

---

[9] The tacklers were not made defendants; the plaintiff's school and coaches were, and they were charged with improperly permitting him to play.

and they reasonably believe the injured party knew of the hazards of the game.. It is necessary for the trial court in some manner to point out this distinction and a correct instruction on assumption of risk does so.

As previously stated, the jury could have found that the defendant was forced to turn around rapidly and descend the same path he ascended, that this created a hazard but that such conduct of the defendant was within the accepted practices of the sport and, therefore, the defendant had no duty to act otherwise, i.e., it was a hazard known to the plaintiff and assumed by him.

■■ The trial court did not err in instructing on assumption of risk.

The trial court, at the request of the defendant, instructed the jury, in effect, that if they found the plaintiff contradicted himself in his testimony as compared to that part of his deposition which was read into evidence they could consider this in determining plaintiff's credibility. The trial court, also at defendant's request, instructed that there was evidence that one of the parties had offered to pay the other the damages he incurred in the accident and that if the jury determined this to be the fact, this may be considered by the jury as an admission of fault.

The plaintiff excepted to both such instructions upon the ground that they were comments upon the evidence, particularly as the first one singled out the plaintiff, whereas the defendant had been impeached by his deposition.

■■ The trial court's instructions did not constitute a comment upon the evidence which is prohibited by ORS 17.255(1). "In giving the instruction herein challenged, the trial court did not attempt to state the facts to the jury, but rather to call attention to the is-

sues to be passed upon by it." *State v. Raper,* 174 Or 252, 260, 149 P2d 165 (1944). This practice has been approved. *State v. Raper,* supra; *Smitson v. Southern Pac. Company,* 37 Or 74, 104, 60 P 907 (1900); *Oja v. LeBlanc,* 185 Or 333, 345-347, 203 P2d 267 (1949). The instruction was not a comment on the evidence because it did not instruct the jury on the probative value of the evidence. *Hanson v. Schrick,* 160 Or 397, 403, 85 P2d 355 (1939). Our approval of these instructions should not be construed as inferring that failing to give these requests would have been error. It would not. Whether or not to so instruct is largely within the trial court's discretion.

If there were some basis from which the jury could believe that the defendant impeached himself, the trial court should have fashioned the instruction to be applicable to both parties; however, the plaintiff did not request such an instruction concerning defendant's possible impeachment while the defendant did so request concerning plaintiff's possible impeachment; therefore, the trial court did not err.

Affirmed.

McALLISTER, J., concurs in the result.