Argued December 9, 1971, affirmed January 26, 1972

COX, *Appellant, v.* GUSTAFSON, *Respondent.*

493 P2d 52

*Ervin B. Hogan,* Medford, argued the cause and filed briefs for appellant.

*Hugh B. Collins,* Medford, argued the cause for respondent. On the brief were Collins, Redden, Ferris & Velure, Medford.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The plaintiff, while riding a motorcycle, struck the rear of defendant's car. Plaintiff brought this action for damages for personal injuries. The jury returned a verdict for defendant and plaintiff appeals.

The plaintiff was driving to the rear of the defendant. According to the plaintiff, the defendant stopped at a stop sign and then started across the intersection. Plaintiff followed and was about 25 to 30 feet behind when suddenly defendant's stop light flashed and defendant came to an abrupt stop. According to the defendant, he stopped at the stop sign, started across the intersection and was still accelerating when the plaintiff "rear-ended" him.

■ Plaintiff assigns as error the trial court's striking from his complaint a charge that the defendant was negligent because he violated ORS 483.126(1). The charge in essence was that defendant stopped without giving a proper signal of his intention to do so. Plaintiff argued that he was entitled to have this allegation submitted to the jury because, while the plaintiff saw defendant's stop light go on the defendant stopped so suddenly that the flash of defendant's stop light did not give the plaintiff adequate warning to enable him to stop.

Striking the charge was error unless it was repetitious, which we need not decide. *Rough v. Lamb,* 240 Or 240, 245, 401 P2d 10 (1965). Because of the verdict for the defendant, any error was not prejudicial to the plaintiff.

The trial court submitted to the jury the charges that the defendant was negligent in "suddenly stopping said vehicle in the middle of said intersection" and in "stopping said vehicle in the middle of said intersection without first seeing that such stopping could be made in safety." In finding for the defendant, the jury must necessarily have found that the defendant did not stop suddenly in the middle of the intersection or in the alternative that he did not stop without first seeing that such stop could be made in safety.[1] The jury could not have made either of these findings and at the same time made a finding that the defendant failed to give a timely signal of his intention to stop.

---

[1] The jury could have found the plaintiff was contributorily negligent and, therefore, returned a verdict for defendant. If it so found, the plaintiff also is not prejudiced because of the court's withdrawing the charge that defendant failed to signal.

 Plaintiff assigned as further error an instruction to the jury. The trial court gave the usual instruction to the effect that a witness found wilfully false in one part of his testimony is to be distrusted in others. The court then added:

> "* * * Discrepancies in a witness' testimony or between his testimony and that of others, if there was in fact any, do not necessarily mean that the witness should be totally discredited. Failure of recollection is a common experience. An innocent misrecollection is not unknown. It is a fact also that two persons witnessing an incident or transaction often will see or hear it differently. Whether the discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance."

Plaintiff excepted to the instruction on the ground that it was a comment on the evidence. It was not. A comment on the evidence is an instruction "on the probative value of the evidence." *Franks v. Smith,* 251 Or 98, 104, 444 P2d 954 (1968).

The instruction given was an attempt to aid the jury in weighing the evidence by elaborating upon the import of the previous instruction concerning a witness found false in one part of his testimony. The instruction is similar in purpose to those set out in ORS 17.250, such as the jury need not find in conformity with the testimony of a number of witnesses who do not sound reasonable as against a lesser number of witnesses whose testimony does sound reasonable, or the evidence is to be weighed according to the evidence which it is in the power of one side to produce and the other to contradict.

While we find the giving of the instruction was not error, we nevertheless are of the opinion that in

most cases it is inadvisable to so instruct. The instruction merely states a "truism." *Dodds v. Stellar,* 77 Cal App2d 411, 175 P2d 607, 616 (1947). It is, therefore, not necessary. It lengthens the instructions, which is always to be avoided. And, in elaborating upon what should be obvious to most jurors, the trial court might inadvertently misstate itself and comment upon the evidence or commit other error.

■ The plaintiff also assigns as error the trial court's failure to give plaintiff's requested instruction to the effect that every witness is presumed to speak the truth; however, this presumption may be overcome by the manner in which the witness testifies, etc. This entire statement is set forth in ORS 44.370; however, it is stated there as a general principle of evidence and not as a required instruction. See its first statement in Deady's General Laws of Oregon 1845-1864, Civ Code § 673, p 318. The requested instruction has the same purpose as the instruction objected to by the plaintiff. Both are intended to assist the jury in weighing the testimony. Whether or not they are given is largely in the trial court's discretion.

Affirmed.

McALLISTER, J., dissenting.

The majority asserts that the verdict for defendant could have been based on a finding by the jury that if defendant stopped after starting across the intersection he first saw that such movement could be made in safety. This is a strange assumption in view of defendant's testimony that he had not looked in his rear view mirror and did not know until the impact that plaintiff's motorcycle was behind him. The fact that the two vehicles collided in the main traveled portion of the highway is evidence that if

defendant stopped he did not first see that such movement could be made in safety.

ORS 483.126(1) imposed a twofold duty on defendant before he could stop on the highway in front of a following motorist: (1) to see that such movement could be made in safety, and (2) to give a proper signal to the driver of any vehicle who might be affected by such movement. The plaintiff was entitled to have the jury instructed as to both duties imposed on defendant by the statute.

In my opinion the error of the trial court in striking the charge that defendant was negligent in failing to signal his intention to stop was prejudicial and as a consequence plaintiff is entitled to a new trial.