Argued April 4, reversed and remanded for a new trial August 2, petition for rehearing denied September 5, 1973

BAILEY, *Appellant, v.* STEVENS AUTO SALES, INC. ET AL, *Respondents.*

512 P2d 1330

*Karl Clinkinbeard,* Medford, argued the cause for appellant. With him on the brief were Holmes, James & Clinkinbeard, Medford.

*Hugh B. Collins,* Medford, argued the cause for respondent Stevens Auto Sales. With him on the brief were Collins, Ferris & Velure, Medford.

*W. V. Deatherage,* Medford, argued the cause for respondent Smoot. With him on the brief were Frohnmayer & Deatherage, Medford.

HOLMAN, J.

Plaintiff brought an action for damages resulting from personal injuries allegedly caused by defendants' negligence. A judgment was rendered for defendants pursuant to a jury verdict. Plaintiff appeals.

In the process of shopping for an automobile plaintiff entered the showroom of defendant Stevens

Auto Sales, Inc. (Stevens). A salesman for Stevens escorted her to a door which separated the showroom from the service department. It was the salesman's intention to escort plaintiff through the service department to inspect a vehicle which was outside the building. The salesman left plaintiff to go and get a key to the vehicle. It is disputed whether plaintiff had passed through the doorway into the service department at the time the salesman left her to get the key. In any event, plaintiff stepped through the doorway to the service department and then to the right to clear the doorway, which was being used by others, while she waited for the salesman. As plaintiff waited she stood between the front of a parked pickup truck and the wall of the service department.

The truck had been left with the defendant Stevens by the defendant Smoot for repair. Upon returning for the vehicle Smoot was directed by an employe of Stevens to drive the truck from the service department as the employes of Stevens were busy. Smoot entered the truck and activated the starter while the truck was in gear. As a result, the truck lurched forward, pinning plaintiff between the front of the truck and the wall, and inflicted the injuries for which she seeks recompense. Both plaintiff and the defendant Smoot deny they were aware of the presence of the other.

Plaintiff alleged in her complaint that the defendant Stevens was negligent in parking the truck in gear, failing to set the emergency brake, failing to drive the vehicle from the service department, and in not leaving plaintiff in a safe place or warning her of the dangers present in the service area. Plaintiff alleged that the defendant Smoot was negligent in

starting her vehicle while it was in gear, and in not maintaining a lookout for plaintiff and control of her car. The defendants alleged plaintiff was contributorily negligent in not keeping a lookout and in standing in front of the vehicle while it was being moved, and:

> "In voluntarily and knowingly assuming the risk of injury by being in the service area of the Stevens Auto Sales where vehicles were being moved."

The defendant Stevens made other allegations of contributory negligence which were either duplicative of those mentioned or immaterial to this appeal.

The sole assignment of error relates to the propriety of the giving of the following instruction on assumption of risk:

> "You are instructed that a person is said to assume a risk when the person freely, voluntarily and knowingly manifests an assent to dangerous conduct or to the creation or maintenance of the dangerous conditions and voluntarily exposes herself to that danger, when the person knows a danger exists in either the conduct or conditions of another or in the condition, use or operation of property and voluntarily places themselves or remains within the area of danger.
>
> "A person who thus assumes a risk is not entitled to recover for damage caused to them which resulted from the dangerous condition or conduct or activity to which they voluntarily exposed themselves."

The following exception was taken to the instruction:

> "We further except to Instruction No. 6 which is the instruction the Court gave based upon Franks versus Smith, 251 Oregon 98 and tendered by Defendant Stevens on assumption of risk which we believe to be an element and part of contributory

negligence and should not have been separately instructed by the Court."

The term assumption of risk may be used in a "primary" or a "secondary" sense. 2 Harper and James, The Law of Torts § 21.1 (1956). In its primary sense it refers to submitting one's self to the risk of injury by another in a situation where the other owes no duty to plaintiff and, therefore, does not act negligently in inflicting the injury. An example is where a player is injured at football by another who is playing within the rules. See *Vendrell v. Sch. Dist. 26C, Malheur Co.*, 233 Or 1, 376 P2d 406 (1962). Also, *Franks v. Smith*, 251 Or 98, 444 P2d 954 (1968). In its secondary sense assumption of risk refers to knowingly submitting one's self to the dangers of another's negligent acts. See *Thayer v. Ore. Fed. of Square Dance Clubs*, 258 Or 302, 482 P2d 717 (1971), and *Ritter v. Beals et al*, 225 Or 504, 358 P2d 1080 (1961). In its secondary sense assumption of risk is nothing more than contributory negligence.

Following the above analysis it is clear that in the present case defendants' allegation of plaintiff's assumption of risk was nothing more than a general and non-specific allegation that plaintiff was contributorily negligent. Indeed, it was alleged as a specification of contributory negligence.

■ As pointed out in plaintiff's exception to the instruction, if an instruction upon assumption of risk is given when assumption of risk is used in its secondary sense and an instruction upon contributory negligence is given as well, defendants secure a double instruction on the same issue. The following instructions on contributory negligence had already been

given prior to the instruction on assumption of risk to which objection was made:

"Now, in order for the Defendants to prevail on their claims of contributory negligence on the part of the Plaintiff they must prove by a preponderance of the evidence that the Plaintiff was negligent in at least one respect charged in the Defendant's answer's which was a proximate cause of any damage the Plaintiff may have suffered.

"* * * * *.

"Negligence is the doing of something which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do under circumstances similar to those shown by the evidence.

"It is the failure to use ordinary or reasonable care.

"Ordinary or reasonable care is that care which persons of ordinary prudence would use in order to avoid an injury to themselves or others under circumstances similar to those shown by the evidence.

"You will note that the person whose conduct we set up as a standard is not the extraordinary cautious individual, nor the exceptionally skillful one, but a person of reasonable and ordinary prudence.

"Now, contributory negligence is negligence on the part of a Plaintiff which, combining with a negligence of a Defendant, if any, contributes as a proximate cause in bringing about the injury.

"Of course as I have instructed you a Plaintiff who is contributorily negligent cannot recover for such injuries.

"* * * * *.

"You are instructed that an invitee may not recover if she acts unreasonable in encountering the danger or having reasonably encountered the

danger she thereafter fails to exercise due care for her own safety."[①]

The instructions upon contributory negligence adequately advised the jury and the challenged instruction should not have been given. See *Ritter v. Beals, supra* at 520.

Defendants point to our opinion in *Studer v. Brown,* 244 Or 24, 415 P2d 509 (1966), in which the following instruction was given:

> " 'I instruct you that even if you should find that defendants, or either of them, were negligent and that their negligence, if any, proximately caused the injuries to plaintiff, nevertheless plaintiff would not be permitted to recover if you should find either that *he fully realized the risk and consciously encountered it,* or that while he may not have realized the danger involved in exposing himself to the condition, he failed to exercise the care which children of his age, intelligence and experience are required to exercise for their own protection.' (Emphasis supplied)" 244 Or at 27.

Plaintiff was a 12-year-old boy who played with some explosive chemicals and was injured. The court approved the instruction in the following language:

> "This instruction simply assumes that the jury has reached the point of determining that defendants were negligent as alleged in plaintiff's complaint, and then proceeds to instruct on the duties of the plaintiff as a child in regard to contributory negligence which bars recovery." 244 Or at 27.

Perhaps it is merely a matter of emphasis, but the

---

[①] These instructions are set forth to demonstrate that all instructions were given which were in any way necessary to an understanding or application of contributory negligence. It is not claimed that the instruction in question was duplicative of all of them.

terse explanation in *Studer* of what constituted contributory negligence on the part of a boy of 12 contrasts sharply with the instruction in the present case which labors the matter and which does not purport to use it as an explanation of a kind of contributory negligence particularly applicable to the circumstances. The unfairness is aggravated by the instruction's failure to inform the jury that "assumption of risk" as it was then being used was part of the negligence concept. The two instructions appear as if they concerned independent and non-related matters.

■ The defendant Stevens contends that there is no evidence of its negligence which was a cause of the accident. There is evidence sufficient for the jury to find that Stevens, through its employe the salesman, took plaintiff to and left her unattended in a dangerous area and that this was a cause without which the accident would not have occurred. We, therefore, believe there was sufficient evidence of defendant Stevens' negligence to go to the jury.

■■ Stevens also contends plaintiff was contributorily negligent as a matter of law because she waited in the service department, stood between the front of a vehicle and the wall, and failed to see the defendant Smoot get in her vehicle. While plaintiff admitted that she knew that cars were being moved around, this court cannot say that the service department was so dangerous that plaintiff was guilty of negligence as a matter of law in remaining there. In addition, the jury could have found that a person of reasonable prudence who had never been in a service department before should not have been expected to realize the full extent of the danger. Neither can we say that plaintiff was contributorily negligent as a matter of law because she

stood in front of a parked vehicle or because she failed to notice the defendant Smoot was about to start her car. These were matters for the jury.

The judgment of the trial court is reversed and the case is remanded for a new trial.

O'CONNELL, C. J., dissenting.

The majority opinion concludes that there was reversible error because there were duplicative instructions. I disagree. First, it should be noted that the trial judge admonished the jury as follows:

"If in these instructions any rule, direction or idea is repeated or stated in varying ways, no emphasis thereon is intended by me and none must be inferred by you."

The instruction given in terms of assumption of risk was as follows:

"You are instructed that a person is said to assume a risk when the person freely, voluntarily and knowingly manifests an assent to dangeous conduct or to the creation or maintenance of the dangerous conditions and voluntarily exposes herself to that danger, when the person knows a danger exists in either the conduct or condition of another or in the condition, use or operation of property and voluntarily places themselves or remains within the area of danger.

"A person who thus assumes a risk is not entitled to recover for damage caused to them which resulted from the dangerous condition or conduct or activity to which they voluntarily exposed themselves."[1]

---

[1] The instructions then continued as follows: "Now, a Plaintiff who was not contributorily negligent and who was injured as a proximate result of some negligent conduct on the part of a Defendant is entitled to recover compensation for such injury from that Defendant.

(Continued on page 303)

The majority opinion sets out various other instructions which the court deems duplicative. I have identified the separate parts of these instructions for later reference:

## (A)

"Now, in order for the Defendants to prevail on their claim of contributory negligence on the part of the Plaintiff they must prove by a preponderance of the evidence that the Plaintiff was negligent in at least one respect charged in the Defendant's answers which was a proximate cause of any damage the Plaintiff may have suffered."

## (B)

"Negligence is the doing of something which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do under circumstances similar to those shown by the evidence.

"It is the failure to use ordinary or reasonable care.

"Ordinary or reasonable care is that care which persons of ordinary prudence would use in order to avoid an injury to themselves or others under circumstances similar to those shown by the evidence.

"You will note that the person whose conduct we set up as a standard is not the extraordinary cautious individual, nor the exceptionally skillful one, but a person of reasonable and ordinary prudence."

(Continued from page 302)
"Therefore the Plaintiff in this action is entitled to a verdict in this case if you find in accordance with my instructions, first, that the Defendant was or one of them was in fact negligent. Second, that such negligence was a proximate cause of the injury to the Plaintiff. And third, that the Plaintiff was herself not negligent or if negligent that her negligence did not contribute as a proximate cause to her own injuries."

## (C)

"Now, contributory negligence is negligence on the part of a Plaintiff which, combining with a negligence of a Defendant, if any, contributes as a proximate cause in bringing about the injury.

"Of course as I have instructed you a Plaintiff who is contributorily negligent cannot recover for such injuries."

## (D)

"You are instructed that an invitee may not recover if she acts unreasonable (sic) in encountering the danger or having reasonably encountered the danger she thereafter fails to exercise due care for her own safety."

It must be borne in mind that none of the foregoing instructions are prejudicial unless they are not only duplicative but by their repetition undue emphasis is put upon an idea which is detrimental to plaintiff's case.

## (A)

The instruction designated under (A) purports to explain who has the burden of proof and the weight of evidence necessary to prove the allegation of contributory negligence. This is not explained elsewhere in the instructions and therefore I do not see how the majority can describe this as duplicative. Certainly, the mere mention of "contributory negligence" in the instruction cannot be regarded as harmful.

## (B)

I am at a complete loss to understand why the majority would select as duplicative instructions those appearing under (B). These are the standard instructions on negligence generally. There is no mention of

contributory negligence. How, then, can these be criticized for repetitiveness?

## (C)

Under (C) we have the simple statement that contributory negligence is causally connected negligence on the part of the plaintiff. I fail to see how this duplicates anything said in the instruction on assumption of risk first set out in the majority opinion.

## (D)

Then we come to (D) which, after sixteen lines of instructions relating to a possessor's duty to an invitee, was followed by the instruction on assumption of risk referred to above. Note that (D) speaks of the manner in which the invitee encounters the risk and the instruction on assumption of risk explains what constitutes a voluntary assumption of risk and the consequence thereof. All of this the jury should know about. I see no duplication in any of it.

It seems to me that each of these allegedly duplicative instructions expresses a different idea and that they therefore do not overemphasize an idea unfavorable to plaintiff. The majority opinion represents a highly technical application of the law which forces the trial court and the defendant to unnecessarily retry a case.

It is to be observed that the majority opinion does not say that it is improper to use the language of "assumption of risk" in giving an instruction on contributory negligence (now commonly referred to as assumption of risk in the secondary sense), nor does the opinion find fault with the instruction for leaving

it uncertain as to whether assumption of risk in the primary or in the secondary sense is intended.[2]

The instruction on assumption of risk given in the present case is subject to criticism on a ground not mentioned in the majority opinion. The instruction is not cast in terms of an *unreasonable* assumption of the risk which, of course, would be necessary to characterize plaintiff's conduct as contributory negligence. Without so qualifying the instruction the jury might regard it as meaning that plaintiff would be barred if she voluntarily assumed the risk whether her conduct was reasonable or unreasonable. But the exception taken to the instruction was not on this ground and even if it had been, I think that the instruction on the unreasonable encountering of danger which I have set out in the text above and the instruction set out in the margin that plaintiff would be entitled to a verdict only if she was not negligent are sufficient to apprise the jury of the theory on which recovery is based.

I suspect that a part of the confusion which we labor under is that the term "assumption of risk" is used in two different ways: (1) as if the term describes a legal theory, and (2) as if it were simply descriptive of the factual situation where the plaintiff encounters a known danger. If the term is used in the first sense, then it would be improper to confuse it with the separate legal theory of contributory negligence. On the other hand, if assumption of the risk is understood as a factual description, it would be appropriate to describe the ureasonable assumption of a known risk

---

[2] Franks v. Smith, 251 Or 98, 444 P2d 954 (1968) holds that where assumption of risk in both its primary and secondary senses is at issue it is proper to instruct the jury in the language which was used in the present case. Whether this holding in *Franks* is correct is of no present concern.

as contributory negligence. I assume that the majority opinion finds acceptable this latter usage.

DENECKE, J., joins in this dissent.

HOWELL, J., dissenting.

I agree with the majority that the defense of assumption of risk under the facts in this case is nothing more than an allegation of contributory negligence the same as the other allegations of contributory negligence contained in the defendant's answer. As such it should be treated in the instructions in the same manner as the court ordinarily instructs on contributory negligence.

I do not agree with the majority that the case must be reversed because the instruction relating to assumption of risk was duplicative of other instructions on contributory negligence.

In the first place, I agree with the dissenting opinion of Chief Justice O'CONNELL that the instructions were not duplicative at least to the extent that they placed undue emphasis upon the defense of assumption of risk as an allegation of contributory negligence and were therefore detrimental to the plaintiff.

I am confident that trial judges conscientiously attempt to avoid giving instructions to jurors in such a manner or form that the instructions could be interpreted as emphasizing certain charges of negligence or contributory negligence. For this reason trial judges ordinarily include a general instruction that the jury should consider the instructions as a whole and not attempt to single out a particular instruction for special consideration. Such an instruction was given in this case.

Moreover, I believe that it is extremely difficult for this court as an appellate court to decide that instructions given by the trial court are unfairly emphasized by other instructions. In some instances the pleadings of one party may contain more allegations of negligence or contributory negligence than the opposition's pleadings because of the circumstances of the particular case. Also, it may develop that most of one party's allegations of negligence or contributory negligence are stricken before the case is submitted to the jury. In any event, it would have to be a very clear case before this court, from an examination of the record, could affirmatively say that the instructions placed such unfair emphasis on a part of the case that the instructions, considered as a whole, were detrimental to the opposite party. I do not know of any decision where this court has reversed the trial court for that reason. I would not do so in this case.

DENECKE, J., joins also in this dissent.