Argued June 3, affirmed September 6, 1974

EDWARDS, *Respondent, v.* CRITESER, *Appellant.*

525 P2d 1025

*James O. Goodwin,* Oregon City, argued the cause for appellant. With him on the briefs were Jack, Goodwin & Urbigkeit, and Frank A. Moscato, Oregon City; and Muriel T. Sparkman, Portland.

*Gerald R. Pullen,* Portland, argued the cause for respondent. With him on the brief were Peter R. Blyth, and Frank Porcelli, Jr., Beaverton.

## BRYSON, J.

This is an action to recover damages for personal injuries sustained by plaintiff on defendant's premises.

Defendant appeals from the judgment entered on a jury's verdict in plaintiff's favor.

Plaintiff, an invitee, was injured when he fell into an unguarded open piling well in the deck of defendant's floating marina dock situated on the Willamette River. Because defendant contends plaintiff was contributorily negligent as a matter of law,[1] it is necessary to review certain of the material facts.

Plaintiff rented moorage space from defendant and made personal use of the facilities. An error was made in the assignment of plaintiff's moorage slip and later he was advised that his boat would be moved and reassigned to a new space in defendant's marina.

On October 13, 1971, at about 11:30 p.m., plaintiff, accompanied by his daughter, son-in-law, and brother-in-law, went to the marina to check the new moorage of his boat. When plaintiff and his relatives arrived at the marina, the only illuminated lights were those on the workshop building. The lights in the moorage area were not turned on. Notwithstanding the darkness, plaintiff and other witnesses testified that there was sufficient light to enable them to see plaintiff's boat and the walkway leading to the boat. The covered area, where plaintiff's boat was located, was "quite dark," but the outline of the boat was still visible.

Plaintiff proceeded down a ramp and along the walkway to the covered area of the dock in the vicinity of his boat without the aid of additional lighting. He stepped between two pilings in the covered area and

---

[1] ORS 18.470, the comparative negligence statute, does not apply to this case. The effective date of that statute is subsequent to plaintiff's injury. Joseph v. Lowery, 261 Or 545, 549, 495 P2d 273 (1972).

fell into a piling well, a hole cut in the deck around the anchor pilings to allow the walks to move up and down at different stages of water level, and sustained injuries. There was no warning sign, barrier, or other safeguard around the hole for the piling where plaintiff fell. There was a light switch located to the left of the entryway of the covered area where plaintiff's boat was secured. Plaintiff testified that he did not see or know of the light switch and that he had to "hunt for it." After plaintiff fell into the open well, Mr. Pointer, plaintiff's son-in-law, called defendant in order to locate the light switch.

Plaintiff testified that he had previously been to the marina at night but the lights at the moorage had always been turned on. Plaintiff also testified that he had never been to the particular area where he was injured. He had previously moored his boat at the other end of the moorage. Defendant offered evidence intending to show that plaintiff was familiar with the area where plaintiff was injured. Although each dock had piling wells, there is evidence that none of the floating moorage docks in the marina had piling wells similar to the one plaintiff fell into. The wells are not, in all instances, of the same shape or in the same location. Plaintiff was aware of dangerous conditions in other areas of the marina. There were no restrictions placed upon nighttime use of the marina and the lights in the moorage area were left to be turned on or off by the customers during nighttime. Photographs depicting the open well and walkway were received in evidence.

■ Defendant first assigns as error the trial court's denial of defendant's motions for a nonsuit and directed verdict. The defendant contends that plaintiff was con-

tributorily negligent as a matter of law and relies primarily upon *Massey v. Seller,* 45 Or 267, 77 P 397 (1904), in which a plaintiff was held to have been contributorily negligent as a matter of law when he stepped into a darkened elevator shaft after turning from a clear, safe passageway in search of a water closet. In that case, this court held that the act of walking in the dark was not, in itself, contributory negligence. It is the circumstances, and not the act itself, that constitutes contributory negligence. *Jensen v. Salem Sand & Gravel Co.,* 192 Or 51, 58-59, 233 P2d 237 (1951); *see also Dawson v. Payless for Drugs,* 248 Or 334, 341, 433 P2d 1019 (1967).

It is an established rule that contributory negligence becomes a matter of law

"* * * '* * * when, and only when, from the facts, reasonable men can draw but one inference and that inference points unerringly to the negligence of plaintiff contributing to the injury. In all other cases the question of contributory negligence is one of fact for the jury.' *Martin v. Harrison,* 182 Or 121, 137, 180 P2d 119, 186 P2d 534; *Clark v. Strain,* 212 Or 357, 319 P2d 940, 941, and cases there cited." *Loibl v. Niemi,* 214 Or 172, 177, 327 P2d 786 (1958).

*See also Hess v. Larson,* 259 Or 282, 286-87, 486 P2d 533 (1971) (contributory negligence in automobile case favoring jury determination).

Under the facts of this case, we are not prepared to state that plaintiff was contributorily negligent as a matter of law.[9] Plaintiff's familiarity with the dock,

---

[9] Comment *a* to Section 476 of the Restatement (Second) of Torts (1965) notes a tendency toward greater liberality in permitting the jury to determine the issue of contributory negligence. *Accord,* 2 Harper & James, Law of Torts § 15:3 at 882, 883 (1956); W. Prosser, Law of Torts § 36 (3d ed 1964).

the availability of light, visibility, and plaintiff's conduct are, in general, subjects of controversy for the jury's consideration.[9] The court did not err in this regard.

■ Defendant consolidated his second and third assignments of error for argument and we combine the two for consolidation pursuant to our Rule 6.18. The defendant's answer alleged that plaintiff was contributorily negligent in failing: to carry and use a flashlight, to use available light switches and lighting systems, to perceive and recollect from daylight visits to defendant's property the location of the "piling wells" and the location of the light switch, and to maintain a reasonable lookout for his own safety. The answer also alleged as a separate and further defense that plaintiff "assumed the risk of injury," as follows:

"* * * * *.

"II

"That in going upon defendant's premises and floating docks in the darkness of the night and without use of a flashlight or the available electric light system of such dock, plaintiff assumed the risk of injury through tripping, stepping off such dock or into the holes between such floating dock and its anchor-piling, and such injuries as might reasonably ensue therefrom."

The court, on plaintiff's motion, struck the above defense of assumption of risk from defendant's answer and refused to give defendant's following requested instruction:

"You are instructed that plaintiff is deemed to have assumed the risk of danger if:

"(a) Plaintiff with knowledge of the risk, has

[9] For an extensive discussion of cases involving proceeding in the dark as contributory negligence as a matter of law, see Annot., 22 ALR3d 286 (1968); Annot., 22 ALR3d 599, §§ 4, 7 (1968); 65A CJS Negligence § 254, nn. 18-19 (1966).

entered voluntarily into some relation with the defendant which necessarily involves it, and

"(b) so is regarded as tacitly or impliedly agreeing to take his own chances.

"A person who thus assumes a risk is not entitled to recover for damage caused to them which resulted from the dangerous condition or conduct or activity to which they voluntarily exposed themselves."

The defendant assigns as error the striking of the affirmative defense and failure to give the requested instruction.

The defendant argues that contributory negligence and assumption of risk are not mutually exclusive defenses and attempts to distinguish this case from *Bailey v. Stevens Auto Sales,* 266 Or 294, 512 P2d 1330 (1973), in which we held that the defense of assumption of risk in its secondary sense, *i.e.,* the submission of one's self to the dangers of another's negligent acts, is nothing more than contributory negligence. In the instant case, defendant owed a duty to plaintiff-invitee and defendant's allegation of assumption of risk operates in its secondary, not primary, sense. *Bailey v. Stevens Auto Sales, supra* at 298, 512 P2d at 1332. As stated in *Bailey,* the defendant's allegation of plaintiff's assumption of risk was nothing more than a general allegation of contributory negligence as alleged in defendant's allegation of plaintiff's contributory negligence. It should also be pointed out that the requested instruction "is not cast in terms of an *unreasonable* assumption of the risk." (Emphasis theirs.) See dissenting opinion of O'CONNELL, C. J., in *Bailey v. Stevens Auto Sales, supra* at 306. Having properly struck the affirmative defense it follows that the court should not have given the requested instruction.

■ Defendant also contends the trial court abused its discretion in sustaining plaintiff's objection to the relevance of certain testimony. Defendant was questioned by counsel on direct examination as follows:

"Q Have you checked around with your competitors in the moorage business around the Portland area and the Willamette and Columbia Rivers to get ideas from the standpoint of appearance and convenience and safety and general welfare of the marina operators so as to compare your operation with the other operations?

"MR. PULLEN: Your Honor, I'd object to the form of that question on many grounds. First of all, it's a leading question. Second, it's irrelevant. Third, anything these people told him about their customs and ways of doing things would be hearsay.

"MR. GOODWIN: I could rephrase it.

"THE COURT: I will sustain the objection.

"MR. GOODWIN: Q Are you interested in what your competitors are doing, at least from the standpoint of where you go around once in a while and see how other moorages are operating?

"A Yes.

"MR. PULLEN: Object to this whole line of questioning as irrelevant to this case. The only issue in this case is what was maintained on this person's premises, and whether it was a danger, and I'd object to what anybody else talked about.

"MR. GOODWIN: Your Honor, this is a peculiar case in that the plaintiff has not tried to show any standard of care in the community, and yet we are left where the jury may be speculating on it, and without any evidence of any standard of care in the community in similar businesses, I think that the jury is asked to try the case in a vacuum. For that reason I would like to go into this matter.

"THE COURT: I will sustain the objection. I don't think it's proper. * * *"

■ The questions were presented to elicit testimony from defendant that he had consulted with his competitors for the purpose of obtaining their ideas on marina operations and that he was interested in the manner his competitors operated their respective marinas. However, neither question contained matter sufficient to inform the court on the relevance of such testimony. Under these circumstances, defendant was obligated to make a proper offer of proof on the relevance of defendant's testimony. *Schweiger v. Solbeck,* 191 Or 454, 473-74, 230 P2d 195 (1951). One purpose of the offer of proof is to apprise the court of the nature and bearing of the testimony in question, *McCarty v. Sirianni,* 132 Or 290, 296, 285 P 825 (1930), and the offer of proof must clearly and distinctly state specific evidentiary facts, not conclusions. *Columbia R.I. Co. v. Alameda L. Co.,* 87 Or 277, 295-96, 168 P 64 (1918) ; *accord, Prestbye v. Kliphardt,* 113 Or 59, 70-71, 231 P 187 (1924).

Without passing on the relevance of the questions or the testimony sought to be elicited, we conclude the record shows that defendant failed to make a sufficient offer of proof after the allowance of plaintiff's objections and it follows that the court did not abuse its discretion.

Affirmed.