WALD, *Respondent,*
*v.*
WURTZ, *Appellant.*
(No. 74-5353, SC 24529)

563 P2d 715

William N. Kent, Eugene, certified law student, argued the cause for appellant. On the briefs was Gary K. Jensen, Eugene.

Dwight L. Schwab, Portland, argued the cause for respondent. With him on the brief was Schwab, Burdick & Hilton, Portland.

Before Denecke, Chief Justice, and Bryson, Linde, and Davis, Justices.

DAVIS, J., Pro Tempore.

**DAVIS, J.,** Pro Tempore.

This is an action on a promissory note to recover the unpaid balance of $28,200. Prior to trial Billy Ralph Hollister died and his executor was substituted as defendant. After both parties rested, the plaintiff moved for a directed verdict, which the court indicated he would grant. Defendant requested the court to submit the case to the jury, pursuant to ORS 18.140(2).[1] The jury returned a verdict for plaintiff in the sum of $10,000. Plaintiff thereafter moved the court for a judgment notwithstanding the verdict, which was allowed, and the judgment for plaintiff in the amount of $28,200 plus attorney fees and interest was entered.

Defendant assigns as error the court's granting a directed verdict and a judgment n.o.v. in favor of plaintiff. Defendant filed two affirmative defenses in his answer to plaintiff's complaint: failure of consideration and impossibility of performance. He argues that:

> "The ruling the trial Court must make on a motion for a directed verdict and a judgment notwithstanding the verdict, are essentially the same, in that the substantiality of the evidence to support the motions is involved. However, this can only be upheld in very clear cases and the evidence must be viewed in the light most favorable to the opponent. The Defendant's affirmative defense of supervening impossibility of performance due to the bankruptcy of National Cinema Systems, Inc., is sufficient to present a case for the jury."

■ If the trial court did err in this regard, its error was not prejudicial. Defendant's defense of impossibility of performance, if a defense, would be a complete, not a partial, defense. The jury, by returning a verdict for the plaintiff, necessarily decided against the defendant on his affirmative defense.

---

[1] ORS 18.140(2): "In any case where, in the opinion of the court, a motion for a directed verdict ought to be granted, it may nevertheless, at the request of the adverse party, submit the case to the jury with leave to the moving party to move for judgment in his favor if the verdict is otherwise than as would have been directed."

Defendant contends that a different result might have been reached by the jury if the trial court had not erred in sustaining plaintiff's objections to certain questions propounded by the defendant to the plaintiff during the trial.

The record reveals that defendant called plaintiff as his first witness (not adverse), and it was on direct examination that the trial court sustained the objections, as previously referred to. An offer of proof was not made by the defendant.[2]

The deposition of Billy Ralph Hollister was taken prior to his death and was read to the jury. The trial court, upon plaintiff's motion, deleted a portion of this testimony prior to trial. Defendant assigns as error this ruling of the court, contending that this evidence could have influenced the jurors in arriving at their verdict.

The promissory note was executed by Hollister on December 5, 1972, in an exchange for an assignment of plaintiff's rights in a film distributorship for the state of Oregon, which the plaintiff had obtained from National Cinema Systems, a California corporation. The consideration for this assignment was $40,000. On June 17, 1974, National Cinema Systems was discharged in bankruptcy, and Hollister made no further payments on the note.

Hollister did not claim that plaintiff made any misrepresentations to him prior to the execution of the agreement nor did he contend that he was induced to enter into the agreement through any fraudulent scheme of the plaintiff. However, the questions moved against during the trial, which were sustained by the court, and the questions and answers of Hollister, deleted from his deposition, could be construed to the contrary; that is, plaintiff's knowledge of the financial condition of National Cinema Systems prior to the

---

[2] *Edwards v. Criteser,* 269 Or 587, 525 P2d 1025 (1974); *Schweiger v. Solbeck,* 191 Or 454, 230 P2d 195 (1951).

execution of the assignment agreement. The trial court did not err in striking that portion of the Hollister deposition nor in sustaining the objections to the questions asked during the trial.

It follows that the court did not err in granting a judgment notwithstanding the verdict of the jury.

Affirmed.