Argued January 3, affirmed April 24, 1979

# DAVIS, *Appellant,*
## *v.*
# PORTLAND GENERAL ELECTRIC COMPANY,
## *Respondent.*
## (No. A7603-03559, SC 25582)

593 P2d 1135

Michael R. Shinn of Green & Griswold, Portland, argued the cause and filed a brief for appellant.

David N. Hobson of Phillips, Coughlin, Buell, Stoloff & Black, Portland, argued the cause and filed a brief for respondent.

*BRYSON, J.

*Bryson, J., retired April 1, 1979.

## BRYSON, J.

Plaintiff brought this action to recover damages for injuries suffered while working with a crane and its load that contacted a high-voltage power line. Defendant electric company supplied the electricity and installed the power line. Defendant in turn filed a third-party proceeding, ORS 16.315(4), against plaintiff's employer. Pursuant to ORS 16.315(5), trial on the third-party proceeding was stayed pending the determination of plaintiff's action against defendant.

At the close of the evidence, plaintiff and defendant moved for directed verdicts. The trial court granted defendant's motion and denied plaintiff's motion but nevertheless submitted the case to the jury pursuant to ORS 18.140(2). The jury returned a special verdict as follows:

> "We, the jury, do return our verdict by answering the following questions:
> "1. Was defendant Portland General Electric negligent in one or more respects alleged which caused the accident?
> ANSWER: Yes_____ No  X
> "* * * * *"

Accordingly, the trial court entered judgment in favor of defendant. Plaintiff appeals.

Plaintiff first contends the trial court erred in denying plaintiff's motion for a directed verdict.[1] In considering plaintiff's contention, we view the evidence in the light most favorable to the prevailing party and give that party the benefit of all reasonable inferences that may be drawn from the evidence. *Simpson v. Sisters of Charity of Providence*, 284 Or 547, 549, 588 P2d 4 (1978); *Hendrix v. McKee*, 281 Or 123, 126, 575 P2d 134 (1978).

---

[1] Plaintiff also argues that the court erred in granting defendant's motion for a directed verdict. In light of the jury's verdict, the granting of that motion was harmless. *Wald v. Wurtz*, 278 Or 249, 251, 563 P2d 715 (1977).

[197]

Plaintiff alleged that defendant was negligent as follows:

"1. In failing to reroute the lines to a different location or underground or at a sufficient height to provide adequate clearance for the cranes;

"2. In failing to provide guards or barriers to prevent contact with the high-voltage lines by the cranes;

"3. In failing to provide adequate warning of the presence and location of the wires through warning signs, by making the wires a conspicuous color, or by other means reasonably designed to alert crane operators on the ground."

The evidence shows that plaintiff was employed by General Construction Company, the third-party defendant. On February 26, 1975, plaintiff was assigned the task of crane rigger assisting the driver of a hydraulic crane. The plaintiff testified the crane was carrying a 40-foot I-beam across an uneven gravel yard. Plaintiff held one end of the beam. The unevenness of the yard made it difficult for the crane to control the I-beam, which threatened to strike automobiles parked on the sides of the yard. The testimony shows the operator of the crane was distracted by this but thought he had the beam low enough to clear the overhead wires. The boom of the crane struck the power line, sending electricity through the crane and I-beam, causing plaintiff's injuries.

■■ There is undisputed evidence that the power line was 31 feet high, 13 feet higher than the minimum height set by the National Electrical Code, which applies to defendant, an Oregon utility. ORS 479.720; OAR 814-22-100 (1978). There was also evidence that General Construction had placed warning signs, per instructions by the Accident Prevention Division of the State of Oregon, concerning the power line, at both sides of the gravel yard and a further warning sign in the cab of the crane, instructing the operator not to allow the boom within eight feet of the power lines. General Construction had also given oral warnings to

employees, including plaintiff Davis and the crane operator. There was other evidence supporting defendant's position but the above justified the trial court's denial of plaintiff's motion for a directed verdict. A directed verdict should be entered only in exceptional cases where, from the facts, reasonable men could draw but one inference and that inference supporting the conclusion that the defendant's negligence was the factual or legal cause of plaintiff's injury. *James v. Carnation Co.*, 278 Or 65, 69, 562 P2d 1192 (1977).

Plaintiff also assigns as error the trial court's admission of evidence that the applicable state and federal safety codes required a ten-foot minimum clearance between equipment and the power lines. The purpose of this evidence was to show that General Construction, plaintiff's employer, was negligent in violating the codes and that its negligence, not defendant's, was responsible for the accident.

Plaintiff objected to the evidence on the basis that defendant lacked standing to raise the employer's violation of such codes, citing *Rich v. Tite-Knot Pine Mill*, 245 Or 185, 199-200, 421 P2d 370 (1966). In *Rich* we held that while safety codes promulgated by the Workmen's (now Workers') Compensation Board pursuant to ORS 654.025 set a standard of care for employers with respect to employees, they do not do so with respect to non-employees. We therefore held that the plaintiff in that case, who was a job seeker and not an employee, could not take advantage of those codes in his action.

Plaintiff misconstrues *Rich* as holding that evidence of violations of the Safety Code "can be raised in private civil litigation only on behalf of an employee." *Rich* does not state a rule of standing, but one of relevancy. It held that evidence of violations of the code is admissible only on the issue of whether the employer's conduct was negligent with respect to his employees. *See also Rice v. Hyster Co.*, 273 Or 191, 204, 540 P2d 989 (1975). That was precisely the issue here.

The evidence was therefore properly admitted even though a non-employee offered it.

■ Plaintiff also argues that the trial court erred by giving an instruction that the employer, General Construction, "was negligent as a matter of law in bringing its crane boom within 10 feet of the powerline in violation of the applicable United States Occupational Safety and Health Standard." Plaintiff's exception to this instruction was based on, in the trial court's words, "the reasons [plaintiff had] stated previously * * *." The only reason stated previously, as far as we discern from the record and briefs, is the one attacking defendant's standing to invoke the safety codes.[2] We have previously resolved that issue against plaintiff.

Affirmed.

---

[2] Accordingly, we will not consider plaintiff's contention that the instruction was improper because 29 USC § 653(b)(4) provides that OSHA shall not affect the common law or statutory duties of employers with respect to employment-related injuries. Plaintiff's previous objection was that the Oregon Safety Code was not applicable as a matter of law and he only argued to the trial court his interpretation of *Rich v. Tite-Knot Pine Mill*, 245 Or 185, 421 P2d 370 (1966).